Israel G. Torres (#020303)
James E. Barton, II (#023888)
Saman J. Golestan (#031710)
TORRES LAW GROUP, PLLC
2239 West Baseline Road
Tempe, Arizona 85283
480.588.6120
James@TheTorresFirm.com
Saman@TheTorresFirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Howey, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>Maricopa County Community College District, a political subdivision of Arizona, Margi Schultz, an individual, Ilene Borze, an individual, Maria L. Wise, an individual, and Steven Gonzales, an individual.<br><br>  Defendants. | Case No.<br><br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demand)** |

## INTRODUCTION

This complaint is a civil action brought under Title II of the Americans with Disabilities Act of 1990 (the ADA), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 (§ 504), 29 U.S.C. § 794, to enjoin unlawful discrimination and retaliation against and to provide appropriate relief to Laura Howey ("Howey"). As alleged with greater specificity below, Defendant Maricopa County Community College

District not only discriminated against Howey, one of its students, but retaliated against her for complaining about said disability discrimination.

## JURISDICTION

1. This Court has Jurisdiction under 28 U.S.C. § 1331.

2. This action is authorized by and initiated under 42 U.S.C. § 12133 and 29 U.S.C. § 794(a).

3. The discrimination and retaliation alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

4. Laura Howey is a citizen of the United States of America, and a citizen and resident of the State of Arizona.

5. Defendant Maricopa County Community College District ("MCCCD" or the "College") is political subdivision of Arizona.

6. Defendant Margi Shultz, Ph.D., RN, CNE, PLNC is, and at all relevant times was, the Division Chair of Gateway Community College Nursing Program.

7. Defendant Ilene Borze, RN, MS, CEN is, and all relevant times was, the Program Director for Gateway Community College Nursing Program and Pharmacology Professor, Block 1.

8. Defendant Maria L. Wise, Ed.D., Vice President of Academic and Student Affairs is, and all relevant times was, the Dean who coordinated Howey's grievance claims against Borze and was a decision maker in MCCCD's grievance process.

9. Defendant Steven Gonzales, President of Gateway Community College is, and all relevant times, was the final authority in MCCCD's grievance process.

10. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11. At all relevant times, Howey was a student of Defendant.

**GENERAL ALLEGATIONS**

12. In 2009, Howey and her ex-husband divorced after 17 years. That year, Howey, an adult returning student, began her general educational classes at Chandler-Gilbert Community College ("CGCC").

13. Howey was provided six years of spousal maintenance in order to obtain training and education necessary to start a career that would sustain her.

14. Howey chose to enroll in Maricopa County Community College District's very competitive nursing program that has a two plus year wait list. Howey then chose to take advantage of MCCCD's concurrent enrollment program with Northern Arizona University ("NAU") to complete her undergraduate degree, earning her a BSN, concurrently with her AAS.

15. By concurrently enrolling, Howey would be placed to the front of the wait list and her goal of receiving her degrees would place her within that six year window of spousal maintenance.

16. Howey's GPA, while taking her general education classes, concurrent requirements and prerequisites for NAU and the nursing program, prior to entering the nursing program was 3.57.

17. Howey's GPA at NAU, while concurrently enrolled in the nursing program, was a 4.0.

18. In Spring 2015, Howey took Block I at CGCC, but did not pass. This was in large part due to the failing health of her mother and for whom she played an instrumental role in her mother's healthcare

-3-

19. Prior to the end of the Spring 2015 Block, Howey contacted Schultz to discuss her educational goals and it was agreed that Howey would transfer to Gateway Community College ("GWCC").

20. GWCC has an excellent standing in the medical community and Howey wanted every advantage upon graduation to secure employment.

21. In Fall 2015, Howey, transferred to GWCC where she took Block I again, and failed by a single point.

22. In the Fall 2016, Howey retook Block 1 again and passed with a "B".

23. Throughout the Fall 2016 semester, Borze created a hostile and abusive learning environment for her students.

24. Prior to Exam 1 on or before September 27, 2016, in the Fall 2016 semester, Borze announced to the class of 41 students, "if you are registered with DRS and have special accommodations through the training center, come to the front of the class so I know what your accommodations are."

25. Howey felt humiliated, embarrassed and anxious to be compelled to reveal to all 41 of her classmates, she was a disability student by moving to the front of the class, but complied with Borze's request or lose her lawfully awarded accommodation.

26. Howey was forced by Borze to disclose her disability accommodations in front of the two other students that complied with Borze's request

27. Upon information and belief, many students in the classroom elected to lose their accommodation rather than be humiliated by publicly disclosing it.

28. Howey contacted James Rogers, DRS Manager, and discussed her concerns with him on November 17, November 28 and December 12, 2016.

29. On January 3, 2017, Howey utilized MCCCD's grievance process in an effort to resolve these matters privately. Howey's treatment by Johnson, Miranda, Wise and Gonzales harmed Howey.

30. In the Spring of 2017, Howey entered Block II. Howey made every effort to keep up with the demands of the Block II, while pursuing the grievance process. The stress of both took its toll and Howey failed Block II.

31. On February 22, 2017, GWCC issued its conclusions wherein Borze admitted to breaching Howey's confidentiality regarding her status as a disability student.

32. On February 25, 2017 during Block II, Howey complied with the formal complaint process of the Office of Civil Rights and prepared a letter with over 60 exhibits.

33. Howey was scheduled to enter Block II at GWCC in the Fall of 2017, but has deferred to start in the Spring of 2018, due to the stress of this conflict.

34. 33. Howey has spent a large sum of money pursuing her nursing degree through MCCCD and concurrently through NAU.

35. Without completing the program, that money was lost to her.

36. Howey has also lost several years pursuing a degree that is not available to her.

37. Returning to GWCC to complete her nursing degree would be extremely stressful for Howey.

38. Given that the current faculty is unchanged, if Howey returned to GWCC, issues like those described above would occur again.

39. Upon information and belief, Schultz condoned and tolerated Borze's conduct.

40. Upon information and belief, the nursing program systematically interfered with disabled students.

41. Upon information and belief, these problems are systemic throughout the nursing programs at all Maricopa Community Colleges

**FIRST CLAIM FOR RELIEF**
**Public Disclosure of Disability Contrary to Federal Disability Law**

42. Howey incorporates the allegations set forth above as if fully set forth

-5-

herein.

43. Under 42 U.S.C.A. § 12132, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

44. Under 29 U.S.C.A. § 794, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

45. Humiliating Howey before the entire nursing class due to her disability amounted to discrimination in the provision of services by a public entity, which receives federal financial assistance, due to her disability.

46. On February 22, 2017, GWCC concluded that Borze's "action did violate the students' right for confidentiality."

**SECOND CLAIM FOR RELIEF**
**Retaliation for Reporting**

47. Howey incorporates the allegations set forth above as though fully set forth herein.

48. Under 42 U.S.C. § 12203(a), "Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this Act."

49. 29 U.S.C.A. § 794(d), provides "The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990."

50. School official's directing Howey to change schools rather than address the discrimination employed by Professor Borze was retaliation for Howey opposing an act made unlawful by the ADA and Rehabilitation Act.

51. The school thus retaliated against Howey.

52. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Howey requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliation for opposing discriminatory practices.

B. Order Defendant to make whole Laura Howey, by providing appropriate compensatory damage payments, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

C. Order Defendant to make Laura Howey whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Grant such further relief the Court deems necessary and proper.

E. Award Plaintiff Howey reasonable attorneys' fees and costs.

**JURY TRIAL DEMAND**

Plaintiff Howey requests a jury trial on all questions of fact raised by this complaint.

Respectfully Submitted on this 15th day of September, 2017.

By: s/ James E. Barton II

James E. Barton II
Saman J. Golestan
TORRES LAW GROUP, PLLC
2239 West Baseline Road
Tempe, Arizona 85283
602.626.8805
James@TheTorresFirm.com
*Attorneys for Plaintiff*